## CIRCUIT COURT OF FAIRFAX COUNTY

Selective Ins. Co. of Am.

v.

Ronald Lee Lewis

November 14, 1995

Case No. (Law) 137607

BY JUDGE STANLEY P. KLEIN

In this action, Plaintiff Selective Insurance Company of America ("SIC") sues Defendant Ronald Lee Lewis for recovery of sums paid by SIC to the State of Maryland as the result of Lewis' alleged default of his obligations as Personal Representative of the Estate of Hilda R. Lewis. SIC has attempted to serve process on Lewis by publication pursuant to § 8.01-316 of the Code of Virginia and now seeks a default judgment against Lewis. For the reasons hereinafter set forth, the Court finds that service of process by publication in this case does not provide the Court with *in personam* jurisdiction over the Defendant, and the motion for default judgment is therefore denied.

In its motion for judgment, SIC claimed that Lewis was a resident of the State of Virginia. Nonetheless, after service by the Sheriff of Fairfax County was returned "not found," a representative of the Plaintiff executed an Affidavit for Service by Publication claiming the Defendant was a non-resident with the same last known address as the residence at which the Sheriff of Fairfax County had unsuccessfully attempted service.

Personal jurisdiction may be exercised against a non-resident of Virginia provided there is a statutory basis to exercise jurisdiction and the Defendant has "minimum contacts" with this state so that due process is satisfied. *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982). The only potential statutory basis for this Court to exercise *in personam* jurisdiction over Lewis arises from Virginia's "long-arm" statute Virginia Code § 8.01-328.1. Section 8.01-328.1(B) requires however that "[w]hen jurisdiction over a person is based solely upon this

section, only a cause of action arising from acts enumerated in this section may be asserted against him." The motion for judgment is devoid of any alleged act of the Defendant which could provide the basis for this court to exercise jurisdiction over Lewis under § 8.01-328.1.

Plaintiff's reliance on Virginia Code § 8.01-316 to support its position is misplaced. An order of publication provides a court with *in rem*, or *quasi in rem*, jurisdiction but not *in personam* jurisdiction. *Cranford v. Hubbard*, 208 Va. 689, 691 (1968) (citing *Pennoyer v. Neff*, 95 U.S. 714 (1877)). As the Plaintiff seeks a monetary judgment against Lewis, service of process must be effected in a manner sufficient to allow this Court to exercise *in personam* jurisdiction. Accordingly, SIC's motion for default judgment is denied. The status conference is continued to December 21, 1995. Proper service is to be effected at the earliest opportunity so that the time frame for the Defendant to file responsive pleadings will have expired before the status conference.